LAW OFFICES OF
CHRISTOPHER H. WING
A PROFESSIONAL CORPORATION
1101 E STREET
SACRAMENTO, CA 95814
(916) 441-4888
State Bar #063214

ATTORNEYS FOR:   Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>TIMOTHY CHARLES MATTOS,<br><br>            Defendant, | No. CR. S-04-0308-MCE<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE HEARING FROM, DECEMBER 13, 2005 TO, JANUARY 10, 2006; EXCLUSION OF TIME<br><br>HON. MORRISON C. ENGLAND |

It is hereby stipulated by the defendant through his undersigned counsel, and the United States, through it's undersigned counsel, that the date now set for a Status Conference Hearing, December 13 at 8:30 am; be continued without appearance to January 10, 2006 at 8:30 am, and that time under the Speedy Trial Act should be excluded through that date.

As previously noted, the basic thrust of the case is that Defendant, a previous employee of Verizon, the victim alleged herein and a national cellular phone company, illegally accessed Verizon's computer server on which Verizon had millions of "pin" numbers; i.e., coded 14 digit numbers which can be inputted into a cell phone to allow the use of minutes of air time for persons who have placed those numbers into their cellular phones. The defense believes the allegation is that Defendant took over one half million "pins", sold them to resellers and that Verizon was the victim of Defendant's theft.

/ / /

1

As the parties have previously stipulated at the arraignment of this case before the Magistrate Judge that this is a complex case, within the meaning of 18 U.S.C. §3161(h)(8)(B)(ii), as the case involves complex factual and legal issues and tremendous amounts of discovery, most of which is computer generated and which is voluminous.

The factual basis of the case also involves a civil complaint now pending in the United States District Court in the District of New Jersey in case Cellco Partnership dba Verizon Wireless, et al. v. Timothy Mattos, et. al., Civil Action 04-1537 SRC, the petition for a stay of that case heard on October 4, 2004 was denied, and discovery continues in the civil case in the form of proffers from the defense as to the location of funds alleged due the victim and the placing of those funds in a "locked" account here in Sacramento.

At the time of the last in-court appearance, defense counsel discussed the status of the civil case in the District of New Jersey: that Mr. DaSilva, Mr. MATTOS'S civil attorney was able to prepare and send to counsel for Verizon a proffer concerning receipt of funds and where those funds were placed or used.  This was a general proffer to establish the good faith of the parties with the eye to hopefully lead to a further more detailed proffer and possibly even an interview with Mr. Mattos.

As noted in the previous Stipulation and Order, Mr. DaSilva, Counsel for Verizon, Mr. Leigh Schachter, AUSA Matthew Stegman and myself set up an interview with Mr. MATTOS for November 9, 2005 at 9:00 am in the office of the United States Attorney. The day-long meeting was productive from everyone's point of view and the parties are taking steps to further resolve issues developed at the meeting.

From the previous Stipulations and Status Memoranda, the Court is aware of the underlying facts of the case and the posture of the civil action, and we refer to those for more detail as to the history of the case.

AUSA Stegman and I have discussed the status of the case and stipulate to this request and Mr. Stegman has requested that I file this Stipulation and Order and has again allowed me to sign his name to this Stipulation & Proposed Order.

///

Since that meeting, Verizon has sent the parties a request to allow the funds now under control of the District Court in New Jersey be released to the Plaintiff. That issue is being dealt with by Defendant's Civil Attorney in New Jersey and the parties to this action have not been able to get an indication of whether that matter has been resolved.

Further, Verizon has requested that certain information be made available to them concerning persons that owe funds loaned to them by Mr. Mattos and that is being prepared for transmittal by the end of this week; i.e., by the 16th of December, 2005

Thus, the parties believe that by January 10, 2006 should be a global resolution of the case, and if not, we will move this case forward with a proposed resolution or a more comprehensive status report dates for litigation.

The parties further stipulate that time be excluded pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(8)(B)(ii), complexity of the case and (iv) to allow sufficient time for counsel to be prepared; [Local Codes T2 and T4], until the next appearance, on December 20, 2005 or by further order of this Court.

Dated: <u>December 9, 2005</u>

    McGREGOR W. SCOTT
    United States Attorney


    By: _____/S/_____
    MATTHEW STEGMAN
    Assistant U. S. Attorney


    By: _____/S/_____
    CHRISTOPHER H. WING
    Attorney for Defendant

## ORDER

This matter having come on before me pursuant to the stipulation of the parties and good cause appearing therefore,

IT IS ORDERED THAT: the Status Conference Hearing now set for December 13, 2005 at 8:30 am is vacated and the matter set for a Status Conference Hearing on, January 10, 2006 at 8:30 am.

Further, the Court finds that time is excluded based upon the representation of the parties and such time will be excluded pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(8)(B)(ii), complexity of the case and (iv) to allow sufficient time for counsel to be prepared; [Local Codes T2 and T4], until the next appearance, on January 10, 2006 or by further order of this Court.

Dated:  December 14, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

///

LAW OFFICES OF
CHRISTOPHER H. WING
SACRAMENTO, CA.

4